Anerio V. Altman, Esq. #228445
Lake Forest Bankruptcy
23151 Moulton Parkway Suite 131
Laguna Hills, CA 92653
Phone and Fax:  (949) 218-2002
avaesq@lakeforestbkoffice.com

**ATTORNEY FOR PLAINTIFF**
**EDWARD SCHORR**

## UNITED STATES DISTRICT COURTS
## CENTRAL DISTRICT OF CALIFORNIA
## SANTA ANA DIVISION

| | |
|---|---|
| **EDWARD KURT SCHORR,** | **Case No.:  TO BE DETERMINED** |
| **PLAINTIFF** | **COMPLAINT FOR:** |
| **v.** | **(1)VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT;** |
| **CACH LLC, a California Limited Liability** | **(2)VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT; and** |
| **Corporation; MANDARICH LAW** | **(3)INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS** |
| **GROUP, LLP, a California Limited** | |
| **Liability Partnership; TAMELA L.** | **15 U.S.C. 1692 et seq;** |
| **ESPINOSA, an individual** | **Cal. Civ. Code 1788 Et seq.** |

///

///

///

## I.      INTRODUCTION

EDWARD KURT SCHORR ("SCHORR", "PLAINTIFF") brings this complaint for actions taken by CACH LLC, MANDARICH LAW GROUP, LLP. and TAMELA L. ESPINOSA (Collectively "Defendants") which violate the Fair Debt Collection Practices Act, California Rosenthal Act and for Intentional Infliction of Emotional Distress.

## II.     STATEMENT OF FACTS

a.   Plaintiff was alleged to have owed a debt to BANK OF AMERICA sometime prior to OCTOBER 4th, 2011.  Exhibit A1.

b.   Plaintiff alleges on information and belief that Bank of America hired, or assigned a debt for compensation to, CACH LLC to collect upon this debt.

c.   Plaintiff alleges on information and belief that CACH LLC subsequently hired the MANDARICH LAW GROUP, LLP. to file California Superior Court Case number 30-2011-00513775-CL-CL-CJC ("State Case") in Orange County California.  Id.

d.   Plaintiff alleges on information and belief that CACH LLC. and/or MANDARICH hired TAMELA L. ESPINOSA to serve the Plaintiff.  Exhibit A2

e.   Plaintiff alleges on information and belief that on or around November 13th, 2011 TAMELA L. ESPINOSA executed a declaration stating that Plaintiff had been served.  Id.

– 2

COMPLAINT

f.  Plaintiff alleges on information and belief that DEFENDANTS and each of them then filed this declaration with the California Superior Court in the State Case.

g.  Plaintiff alleges on information and belief that the information contained in the declaration was false and alleged that:

    i.  Plaintiff's wife was served with the complaint in the State Case on or around November 13th, 2011;

    ii.  Plaintiff's wife was a "blond-haired white female approximately 35-45 years of age, 5'4-5'8 and weighed approximately 150 lbs.";

    iii.  A copy of the summons and complaint was mailed to the Plaintiff's residence.

h.  The true facts are:

    i.  Plaintiff's wife had never been served;  <u>See Exhibits B and C.</u>

    ii.  Plaintiff's wife is very dark skinned, and of African or Eritrean ancestry;

    iii.  There were no other adults living at the residence who could have received the complaint; and

    iv.  No party at the residence had ever been mailed a copy of the summons and complaint.

i.  Plaintiff alleges on information and belief that DEFENDANTS and each of them knowingly utilized this declaration for the purpose of harming the Plaintiff even though they knew that the Declaration was false.

- 3

COMPLAINT

j.   Plaintiff alleges on information and belief that DEFENDANTS and each of them regularly utilize declarations of this nature that are knowingly and fraudulently created and submitted to court for the purpose of abusing the court system.

k.   Plaintiff alleges on information and belief that DEFENDANTS and each of them eventually acquired a default judgment on or around September 19th, 2012 ("Default Judgment") as against the Plaintiff for the alleged debt arising from the fraudulent service.

l.   In or around April 2013, Plaintiff learned about the State Case and sought to set the default judgment aside.

m.   Plaintiff paid his counsel $1750 in or around May 2013 for legal services to be performed in the State Case.

n.   On or around November 8th, 2013 California Superior Court Judge Corey Scott Cramin determined that the Default Judgment should be set aside for defective service.  However the case was not dismissed. Exhibit A3

o.   DEFENDANTS and each of them continued to litigate the State Case based upon the fraudulent service until or around August 20th, 2014 when the State Case was finally dismissed.

## III.   JURISDICTION AND PARTIES

a.   The Court has original jurisdiction over this matter pursuant to 15 U.S.C. Sec. 1692k(d).  The court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. Sec. 1367(a).

- 4

b.  Venue is proper in the Central District of California because a substantial part of the events or omissions giving rise to the claim occurred in this district.  In addition, defendants have sufficient contacts in this district to subject them to personal jurisdiction here.

c.  Plaintiff EDWARD KURT SCHORR is a California citizen, and a resident of the county of Los Angeles, and is over 18 years of age.   Plaintiff is a "consumer" who allegedly owed a "debt", and defendants are "debt collectors", as those terms are defined at 15 U.S.C. Sec. 1692a.  The debt owed by Plaintiff and collected by Defendants was a consumer line of credit intended for general usage by the average person.

d.  Defendant CACH LLC ("CACH") is a California Limited Liability corporation based out of  Huntington Park, California.  CACH LLC. is a business entity primarily involved in the collection of consumer debts on behalf of itself and others.   CACH utilizes instrumentalities of interstate commerce or the mails in their business for their primary purpose of the collection of debts.

e.  Defendant MANDARICH LAW GROUP LLP. ("MANDARICH") is a California Limited Liability Partnership.  MANDARICH is a business entity primarily involved in the collection of consumer debts on behalf of itself and others.  MANDARICH utilizes instrumentalities of interstate commerce or the mails in their business for their primary purpose of the collection of debts.

– 5

COMPLAINT

    f.   Defendant TAMELA ESPINOSA ("ESPINOSA") is an individual based out of Riverside County California who serves process in Orange County, California.

    g.   Each of the defendants were the agents and/or employees of each other and were acting in the course and scope of their agency, employment and authority and with the permission and consent of their co-defendants in committing the acts alleged.  The defendants are jointly and severally liable to plaintiff.

**IV.**   **FIRST CAUSE OF ACTION:  BY PLAINTIFF AGAINST DEFENDANTS CACH LLC and MANDARICH LAW GROUP LLP FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. Sec 1692 et seq.**

    a.   Plaintiff reallages and incorporates herein by reference the allegations of each and every paragraph above.

    b.   DEFENDANTS CACH AND MANDARICH ("Corporate Defendants") caused a falsified document to be submitted to court for the purpose of unlawfully acquiring a default judgment against the Plaintiff.

    c.   Such acts committed by CORPORATE DEFENDANTS were part of a scheme to defraud the Plaintiff and such acts were committed with full awareness as to the fakery of the documents utilized.

    d.   Such acts were part of a scheme to defraud the Plaintiff out of his right to defend himself in court.

– 6

COMPLAINT

e.  Such acts were part of a standard pattern and practice utilized by the CORPORATE DEFENDANTS for the purpose of disenfranchising individual consumer Defendants of their rights to defend themselves in court.

f.  Such acts were committed with malice and the intent to acquire a judgment by the submission of falsified documents.

g.  Plaintiff is entitled to statutory damages of $1,000 against each defendant pursuant to 15 U.S.C. Sec. 1692k.  Defendants have frequently and persistently failed to comply with the FDCPA, and have violated the FDCPA intentionally.  The nature of defendants' violations justifies the maximum statutory damages award available.

h.  Plaintiff is entitled to the costs of the action, together with reasonable attorney's fees, pursuant to 15 U.S.C. Sec 1692k.

i.  Plaintiff is further entitled to punitive damages as a result of the malicious nature of the CORPORATE DEFENDANTs' actions.

V.  **SECOND CAUSE OF ACTION:  BY PLAINTIFF AGAINST DEFENDANTS CACH AND MANDARICH FOR VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE Sec 1788.**

a.  Plaintiff re-alleges and incorporates herein by reference each and every paragraph set forth above.

b.  The California Legislature has found that "unfair and deceptive debt collection practices undermine the public confidence which is essential to the

- 7

continued functioning of the banking and credit system and sound extension of credit to consumers." Cal. Civ. Code Sec. 1788.1(a)(2). It thus enacted the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code Sec 1788, et seq. (the "Rosenthal Act"), to ensure the integrity of our banking and credit industry. Id. Sec. 1788.1(b).

c.  Plaintiff is a "debtor" within the meaning of Civil Code Sec. 1788.2(h) in that he is a natural person from whom defendants sought to collect a "consumer debt" alleged to be due and owing by reason of a consumer credit transaction.

d.  Defendants are "debt collectors" within the meaning of Civil Code Sec. 1788.2©, in that they regularly and in the ordinary course of business, on behalf of themselves or others, engage in acts and practices in connection with the collection of money or property which is due or alleged to be due or owing from a natural person to another person by reason of a consumer credit transaction.

e.  CORPORATE DEFENDANTS caused a falsified document to be submitted to court for the purpose of unlawfully acquiring a default judgment against the Plaintiff.

f.  Such acts committed by CORPORATE DEFENDANTS were part of a scheme to defraud the Plaintiff and such acts were committed with full awareness as to the fakery of the documents utilized.

g.  Such acts were part of a scheme to defraud the Plaintiff out of his right to defend himself in court.

COMPLAINT

h.  Such acts were part of a standard pattern and practice utilized by the CORPORATE DEFENDANTS for the purpose of disenfranchising individual consumer Defendants of their rights to defend themselves in court.

i.  Such acts were committed with malice and the intent to acquire a judgment by the submission of falsified documents.

j.  CORPORATE DEFENDANTS' violations of the Rosenthal Act were willful and knowing.  Plaintiff is entitled to recover statutory damages of $1,000 per defendant pursuant to Civil Code Sec. 1788.17, incorporating by reference 15 U.S.C. Sec. 1692k(a)(3), or in the alternative, Civil Code Sec. 1788.30(c).

k.  Plaintiff is entitled to punitive damages by the malice employed by the CORPORATE DEFENDANTS

## VI.  THIRD CAUSE OF ACTION:  BY PLAINTIFF AGAINST ALL DEFENDANTS FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

a.  Plaintiff realleges and incorporates herein by reference the allegations of all paragraphs above.

b.  Defendants and each of them engaged in extreme, outrageous and unreasonable acts with respect to plaintiff, with a willful intent to injure plaintiff.  These acts went beyond the bounds of decency expected in a civilized society.

c.   Defendants and each of them intended to cause Plaintiff to suffer emotional distress, and/or engaged in their outrageous conduct with reckless disregard of the probability of causing plaintiff to suffer emotional distress.

d.   As a direct and proximate result of Defendants' and each of their outrageous conduct, Plaintiff suffered severe mental distress, mental suffering, and/or mental anguish, including nervousness, anxiety and worry.  See Exhibits B and C, *supra.*

e.   As a proximate result of Defendants' and each of their conduct, Plaintiff has suffered damages in an amount to be determined according to proof.

f.   Defendants and each of them acted with malice, oppression, and/or fraud towards plaintiff within the meaning of Civil Code Sec. 3294, thereby entitling her to an award of punitive damages.  Defendants' corporate officers, directors, or managing agents are personally guilty of oppression, fraud or malice, had advance knowledge of the unfitness of the employees or agents who acted towards plaintiff with malice, oppression, or fraud, employed such employees with conscious disregard for the rights or safety of others, and/or themselves authorized or ratified the wrongful conduct or knowingly accepted and retained the benefits fo the wrongdoing.

WHEREFORE plaintiff prays for relief as set forth below.

## VII.   PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for the following relief:

1.   For Actual Damages;

2.      For Statutory Damages;

3.      For Punitive Damages;

4.      For pre-judgment interest ot the extent permitted by law;

5.      For an award of attorneys' fees, costs and expenses incurred in the investigation, filing and prosecution of this action; and

6.      For such other and further relief as the Court may deem just and proper.

## VIII.   DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury under the United States Constitution.

Dated:  June 19, 2015                    Signed:/S/ ANERIO V. ALTMAN, ESQ.
                                         ANERIO V. ALTMAN, ESQ.
                                         ATTORNEY FOR PLAINTIFF
                                         EDWARD KURT SCHORR

- 11

COMPLAINT